UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL PRICE, 16004900,

               Plaintiff,

    -against-

DETECTIVE VINCENT BORGIA, et al.,

              Defendants.
-----------------------------------------------------------------X

ORDER
17-CV-02168 (JFB) (AYS)

JOSEPH F. BIANCO, District Judge:

On June 26, 2018, Magistrate Judge Anne Y. Shields issued a Report and Recommendation (the "R&R," ECF No. 52) recommending that the Court grant the motion to dismiss filed by defendant Christopher Quinn, the Supervising Judge of the Nassau County Court ("defendant"). The R&R recommends that the Court not grant plaintiff leave to amend the claims against defendant, given that the issues with these claims are substantive in nature. (*Id.* at 10.) On July 20, 2018, defendant filed an affirmation stating that he served the R&R on plaintiff. (ECF No. 56.) The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R, *i.e.*, by August 3, 2018. (R&R at 11.) The date for filing any objections has thus expired, and plaintiff has not filed any objection to the R&R.[1] For the reasons

---

[1] Plaintiff has filed two letters since the Court issued the R&R. One letter is entirely unrelated (requesting that the Court order that plaintiff's personal property that he claims was unlawfully seized be returned immediately). (ECF No. 57.) Plaintiff's other letter notifies the Court that the charges in the state court case relating to this action have been dismissed, and requests that, because "the criminal matter is no longer an ongoing prosecution," plaintiff be given "the ability to prosecute this matter." (ECF No. 53.) To the extent that this letter relates to the abstention issue that Magistrate Judge Shields briefly discussed in the R&R, which defendant raised for the first time in his reply memorandum, that issue was not the basis of the analysis in the R&R. (R&R at 3.) The R&R correctly states that "[a]rguments may not be made for the first time in a reply brief," and explains that the R&R, therefore, did not consider this argument in arriving at its recommendation that the Court dismiss the amended complaint as brought against defendant in its entirety. (*Id.* at 3-4 (quoting *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 298 (E.D.N.Y. 2016).) Instead, Magistrate Judge Shields recommended dismissal on based on defendant's arguments that he was protected from suit by Eleventh Amendment sovereign immunity and judicial immunity. (*Id.* at 6-10.) Given that the R&R recommended dismissing these claims based on grounds other than abstention, plaintiff's letter (if it is referencing the abstention issue) does not address the R&R in any way. In any event, the Court has reviewed the

set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety and grants the motion to dismiss all claims as brought against defendant Quinn with prejudice.

Where there are no objections to a report and recommendation issued by a magistrate judge, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the Complaint, the motion papers, and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly,

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 32) is granted, and all

---

R&R *de novo* and concludes that it is correct. To the extent plaintiff's letter is seeking to vacate the Court's stay of the case (ECF No. 24) given that the criminal case has now been resolved, the Court agrees and vacates the stay.

claims as to defendant Quinn are dismissed with prejudice.

IT IS FURTHER ORDERED that, given that the criminal case has ended, the stay is vacated and Magistrate Judge Shields will supervise the discovery process with respect to the claims against the remaining defendants.2

IT IS FURTHER ORDERED that defendants serve a copy of this Order on plaintiff.

SO ORDERED.

/s/ Joseph Bianco

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: August 29, 2018
Central Islip, New York

---

2 Given that the underlying criminal case has been terminated (as reported by plaintiff), his prior motion for injunctive relief in connection with the ongoing criminal proceeding (ECF No. 35) is denied as moot.