UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHAEL PRICE,

                Plaintiff,

-against-

TIMOTHY SEWARD, VINCENT BORGIA,
MILAGROS SERRANO, LEE GENSER,
TERESA AIELLO, MAELINE SINGAS, and
COUNTY OF NASSAU,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CV-02168

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 14 2020 ★
BROOKLYN OFFICE

ANN M. DONNELLY, United States District Judge:

On April 3, 2017, the *pro se* plaintiff filed a complaint against a state court judge and various police officers and prosecutors, alleging that they violated his civil rights in the course of investigating and arresting him in 2016. (ECF No. 1.) On August 29, 2018, the Honorable Joseph F. Bianco adopted the Honorable Anne Y. Shields' report and recommendation dismissing the complaint against Christopher Quinn, the Supervising Judge of the Nassau County Court. (ECF Nos. 66, 52.) On March 25, 2019, defendant Timothy Seward, a federal task officer involved in the arrest, filed this motion to dismiss the complaint. (ECF Nos. 93, 94.) For the following reasons, the motion to dismiss is granted.

1

## BACKGROUND[1]

On July 14, 2016, law enforcement officers from the Nassau and Hempstead police departments, including detectives Borgia and Serrano, arrested the plaintiff and Chasity McBride at the plaintiff's home in Hempstead, New York. (ECF No. 13 at 4.) The arresting officers found drugs, money, and drug paraphernalia during the arrest (ECF No. 39 at 11-12), but the plaintiff claims that the contraband belonged to Ms. McBride (ECF No. 100 at 2). Police officers arrested the plaintiff and transferred him to headquarters for processing. (ECF No. 13 at 4-5.)

While the plaintiff was being processed, Detective Seward sought a search warrant for the plaintiff's storage unit. (*Id.* at 6.) In the accompanying affidavit, Detective Seward explained that officers learned during the arrest that the plaintiff owned a storage unit associated with his apartment and had accessed it earlier that morning. (ECF No. 39 at 11-12.) Detective Seward averred that he had observed the "Target Premises"—defined as the storage unit—two days earlier, on July 12, 2016. (*Id.* at 10; ECF No. 100 at 3.) Detective Seward initially mislabeled the storage unit as "343," but corrected it by hand to "342." (ECF No. 39 at 10.)

The plaintiff was charged with two counts of conspiracy. (ECF No. 13 at 5.) During the plaintiff's criminal trial, Detective Seward testified about the search warrant application. (ECF No. 100 at 10-15.) He admitted to two errors in the affidavit: that he had typed the wrong unit number, and that he had not observed the storage unit in person on July 12, 2016. (*Id.*)

---

[1] All facts are taken from the amended complaint, the supplemental complaint, and the plaintiff's opposition papers. (ECF Nos. 13, 39, and 100.) "[A]lthough courts generally will not accept factual allegations raised for the first time in opposition to a motion to dismiss, some courts have construed the mandate to read a *pro se* plaintiff's papers liberally as allowing for consideration of such allegations." *Guity v. Uniondale Union Free Sch. Dist.*, No. 15-CV-5693, 2017 WL 9485647, at *1 n.1 (E.D.N.Y. Feb. 23, 2017), *report and recommendation adopted*, 2017 WL 1233846 (E.D.N.Y. Mar. 31, 2017) (internal quotation marks and citation omitted) (collecting cases).

Detective Seward explained that he understood "Target Premises" to refer generally to the plaintiff's apartment building, which he had observed personally on July 12, 2016, and which housed the storage unit. (*Id.*)

On December 1, 2017, the plaintiff was convicted of Conspiracy in the Second Degree (N.Y. Penal Law § 105.15) and two counts of Criminal Sale of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.39).[2] On June 28, 2018, the plaintiff was sentenced to an indeterminate prison term of fifteen years to life.

## STANDARD OF REVIEW

A court evaluating a motion to dismiss must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). However, an action will survive only if the law recognizes the claims, and if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). This standard requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Allegations in *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must read a *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests,

---

[2] I take judicial notice of the plaintiff's conviction and sentencing in Nassau County Court, Indictment No. 1157N-16. *See Rios v. Third Precinct Bay Shore*, No. 08-CV-4641, 2009 WL 2601303, n.2 (E.D.N.Y. Aug. 20, 2009).

3

especially when it alleges civil rights violations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008); *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 146 (2d Cir. 2002) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)).

## DISCUSSION

The plaintiff alleges that Detective Seward provided "knowingly false testimony for the sake of obtaining a search warrant" when he swore that he observed the storage unit itself, and when he mislabeled the unit in the search warrant application. (ECF No. 13 at 6.) I interpret these allegations as raising a *Bivens*[3] claim that the search of the plaintiff's storage unit was unlawful under the Fourth Amendment. Detective Seward argues that the complaint should be dismissed against him because the search of the plaintiff's storage unit was not unreasonable despite the alleged inaccuracies. (ECF No. 94 at 4-5.) Detective Seward argues in the alternative that the complaint must be dismissed because he is shielded by qualified immunity. (*Id.* at 5-6.)

A plaintiff seeking to challenge a search pursuant to a warrant must make the same showing required at a suppression hearing under *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). The plaintiff must show that (1) the affiant knowingly and intentionally, or with a reckless disregard of the truth, made false statements or omissions in his application for a warrant, and (2) such statements or omissions were necessary to the finding of probable cause. *See Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994) (citing *Franks*, 438 U.S. at 171-172); *Calderon v. City of New York*, 138 F. Supp. 3d 593, 604 (S.D.N.Y. 2015).

---

[3] *See generally Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

4

With respect to the first *Franks* element, the plaintiff must allege facts showing that any misrepresentations or omissions were "designed to mislead, or that [they were] made in reckless disregard of whether they would mislead." *Calderon*, 138 F. Supp. 3d at 605 (quoting *United States v. Rajaratnam*, 719 F.3d 139, 154 (2d Cir. 2013) (citation omitted)). "It is insufficient to allege that there were *errors* in the affidavit, as 'misstatements or omissions caused by negligence or innocent mistakes' do not establish falsity or reckless disregard." *Id.* (quoting *Rajaratnam*, 719 F.3d at 604).

The plaintiff has not alleged facts showing that the inaccuracies were designed to mislead. On the contrary, the facts show that both inaccuracies in the search warrant resulted from innocent mistakes. First, Detective Seward's statement that he "personally observed" the "Target Premises" was inaccurate because he misunderstood the meaning of the term "Target Premises" in the affidavit. Detective Seward testified that he meant to convey that he had personally observed the apartment building associated with the storage unit. (ECF No. 100 at 10-15.) Given the proximity of the apartment building and the storage unit, Detective Seward's mistake of fact was reasonable and did not invalidate an otherwise lawful search. *See, e.g., Maryland v. Garrison*, 480 U.S. 79, 88 (1987) (officers' reasonable mistake of fact regarding the breadth of a search warrant did not render the search unconstitutional).

The second claimed inaccuracy—the mislabeling of the storage unit—is not a misstatement at all, much less a knowing or reckless one, because Detective Seward corrected it. Even if Detective Seward had not corrected the number, it would have amounted to a clerical error, and "minor clerical errors generally are not fatal to a search warrant." *United States v. Waker*, 534 F.3d 168, 172 (2d Cir. 2008) (citing *United States v. Garza*, 980 F.2d 546, 552 (9th

Cir. 1992) (affirming the validity of a search warrant containing a typographical error in the address to be searched) (citations omitted)).

In the second step in the *Franks* inquiry, the plaintiff must show that the "alleged falsehoods or omissions were necessary to the issuing judge's probable cause finding." *Calderon*, 138 F. Supp. 3d at 606 (alteration omitted) (quoting *United States v. Martin*, 426 F.3d 68, 73 (2d Cir. 2005) (citation omitted)). Even if Detective Seward's statement about observing the storage unit was knowingly or recklessly false, it was not material to the issuing judge's finding of probable cause. Courts assess necessity or materiality using the "corrected affidavits approach," in which they look to the hypothetical contents of a "corrected" application to determine whether it would have supported a finding of probable cause. *Id.* (citing *McColley v. Cty. of Rensselaer*, 740 F.3d 817, 823 (2d Cir. 2014) (citation omitted)). "A statement is not material if, after eliminating it, the corrected affidavit would still have supported a finding of probable cause." *Id.* (citing *Velardi*, 40 F.3d at 573-74) (citations omitted).

A "corrected" affidavit here—one without the statement that Detective Seward personally observed the storage unit[4]—would have supported a finding of probable cause to search the storage unit. In fact, Detective Seward's statement that he observed the target premises was not part of the "probable cause" section of his affidavit, in which he provided the factual basis for his belief that additional contraband would be found in the storage unit. The probable cause section of the affidavit consisted of evidence recovered from the plaintiff's person and his apartment on the day of the arrest and included cocaine, heroin, drug paraphernalia, large sums of cash, documents showing that the plaintiff owned a storage unit associated with the apartment, and records from the building's management that the storage unit

---

[4] As noted above, I do not consider the storage unit number an inaccuracy because Detective Seward corrected it in the affidavit.

was accessed earlier that morning. (ECF No. 39 at 11-12.) These facts provided probable cause to search the storage unit for additional contraband. Accordingly, Detective Seward's assertion that he personally observed the storage unit was neither necessary nor material to the issuing of the search warrant.

## CONCLUSION

The defendant's motion to dismiss the plaintiff's complaint against him is granted. A court dismissing a *pro se* complaint should grant leave to amend freely, if "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alterations, quotation marks, and citation omitted). "The standard governing leave to amend, flexible to begin with, is further liberalized for *pro se* plaintiffs." *Marcelin v. Cortes-Vazquez*, No. 09-CV-4303, 2011 WL 346682, at *2 (E.D.N.Y. Jan. 28, 2011) (citing Fed. R. Civ. P. 15(a)(2) and *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks and citation omitted)). The Court, however, maintains discretion to deny leave to amend "in instances of futility." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citation omitted). I find that there is no prospect that an amended complaint could call into question the basis for finding probable cause. Accordingly, I deny leave to amend.

**SO ORDERED.**

                                                                         s/Ann M. Donnelly
                                                                         ANN M. DONNELLY
                                                                         United States District Judge

Dated: January 14, 2020
       Brooklyn, New York